**RESOLUTION TRUST CORPORATION, as Receiver for Security Federal Savings and Loan Association, Plaintiff,**

v.

**S & K CHEVROLET COMPANY; David Angevine, a/k/a David Alex; Duane Angevine; Cal Collins; Tony Constible; Ray Counts; Walt Durdle; Art Enturo, Jr.; Bernie Escamilla; Jim Haines; Al Heth; Al Hunt; William Kallister; Kevin Kallister, Matt Matthews; Gary Parkinson; Monty Raymond; Randy Reiman; Bob Rhines; Thomas Smith, Sr.; Dave Stanfel; Harold Stafford; and Dan Stewart, Defendants.**

No. 93–1308.

United States District Court, C.D. Illinois, Peoria Division.

March 5, 1996.

Carole A. Corns, William A. Spence, Freeborn & Peters, Chicago, IL, for Resolution Trust Corporation, as Receiver for Security Federal Savings and Loan Association, plaintiff.

Michael W. Heller, Thomas E. Leiter, Garrett K. Williams, The Leiter Group, Peoria, IL, for S & K Chevrolet Company, defendant, David Angivine, aka David Alex, defendant, Walt Durdle, defendant, William Kallister, Kevin Kallister, Thomas Smith, Sr., Thomas Smith, Jr., Dan Stewart.

Michael Mahoney, Michael T. Mahoney, Ltd., Chillicothe, IL, for Bernie Escamilla, defendant.

Al Hunt, Madisonville, TN, pro se.

Daniel L. Johns, Kevin L. Elder, Westervelt Johnson Nicoll & Keller, Peoria, IL, for Randy Reiman.

Kevin F. Sullivan, Peoria, IL, for Bob Rhines, defendant.

J. Gregory Scott, Heavner Handegan & Scott, Decatur, IL, for Dave Stanfel, defendant.

Al Heth, Dunlap, IL, pro se.

## *ORDER*

McDADE, District Judge.

Before the Court is Defendant Randy Reiman's Clarification to the Court [Doc. # 143]. In its previous Order of February 28, 1996, the Court held that Plaintiff's punitive damages claim in Count I should be dismissed on the basis that "RTC stepped into the shoes of a defunct corporation without any right to punitive damages." *See O'Melveny & Myers v. Federal Deposit Ins. Corp.,* —— U.S. ——, ——, 114 S.Ct. 2048, 2054, 129 L.Ed.2d 67 (1994). In arriving at this conclusion, the Court noted its reliance upon Reiman's factual assertion on page five of his motion to dismiss that "SECURITY FEDERAL is a defunct financial organization that was formed by the Office of Thrift Supervision to receive certain assets of another defunct financial institution, SECURITY." Order, at 10 n. 2.

Reiman now wishes to clarify that he did not mean to imply that Security or Security Federal were dissolved corporations at the time of receivership. Reiman avers that he has no idea whether they were dissolved or not, and the Complaint does not make this clear. Based on these new facts, the Court hereby vacates that portion of its earlier opinion which dismissed Plaintiff's punitive damages claim in Count I. Upon reconsideration, the Court finds that that issue is best resolved by a motion for summary judgment where additional facts beyond those of the

Complaint can be proffered. Only if Security or Security Federal was dissolved prior to RTC's receivership can Reiman claim that Illinois law on punitive damages controls.

■ To the extent that Reiman is arguing that Illinois law should control regardless of whether Security or Security Federal were dissolved prior to RTC's receivership, the Court rejects this argument. As the district court held in *Resolution Trust Corp. v. Liebert,* 871 F.Supp. 370, 373 (C.D.Cal.1994), the mere prohibition of an assignment under state law does not affect RTC's rights to receivership under FIRREA § 1821(d)(2)(A)(i). RTC is receiving the corporation by operation of federal law, not having it assigned under state contract law. *See RTC v. S & K Chevrolet,* 868 F.Supp. 1047, 1053 (C.D.Ill.1994) ("Contrary to Reiman's argument, it is clear that transfer of assets from Security to Security Federal and from Security Federal to the RTC were accomplished by operation of law."). Reiman's argument concerning contractual assignment of claims continues to ring hollow.

■ Moreover, Reiman's contention is incorrect that if the corporation has been dissolved at *any* time, the state law on punitive damages must control. Under *O'Melveny,* it appears that the critical time for determining the RTC's rights under FIRREA is the time of receivership. This is the point in time at which RTC "steps into the shoes" of the insolvent corporation and acquires all of the rights that it has under state law. —— U.S. at ——, 114 S.Ct. at 2054; 12 U.S.C. § 1821(d)(2)(A)(i). Thus, the dissolution of the corporation *after* receivership is no longer guided by Illinois law.

IT IS THEREFORE ORDERED that the portion of the Court's Order dated February 28, 1996, granting Defendant's motion to dismiss Plaintiff's punitive damages claim in Count I, be vacated. The punitive damages claim in Count I is reinstated.